Lori A. Rubin
FOLEY & LARDNER LLP
3000 K Street, N.W.
Suite 600
Washington, D.C. 20007-5109

*Attorney for Defendant Advanced Energy Industries, Inc.*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
-------------------------------------------------- X

THE POWER AUTHORITY OF THE                         :
STATE OF NEW YORK ex rel. SOLAR                    :
LIBERTY ENERGY SYSTEMS, INC.,                      :          Civil Action No. 1:19-cv-1542
                                                   :
               Plaintiff/Relator,                  :
                                                   :          **DEFENDANT ADVANCED ENERGY**
         v.                                        :          **INDUSTRIES, INC.'S OPPOSITION**
                                                   :          **TO CROSS-MOTION AND REPLY IN**
ADVANCED ENERGY INDUSTRIES,                        :          **SUPPORT OF MOTION TO DISMISS**
INC.,                                              :          **FIRST AMENDED COMPLAINT**
                                                   :
               Defendant.                          :
-------------------------------------------------- X

## <u>TABLE OF CONTENTS</u>

I.      **INTRODUCTION** ........................................................................................... 1

II.    **DISCUSSION** ................................................................................................ 2

    A.    **Solar Liberty's Memorandum and Proposed SAC Reinforce that this
is a Private Dispute Between Two Parties, and not an NYFCA Case.** ............ 2

    B.    **Solar Liberty's FAC and Proposed SAC Fail because Neither
Identifies False Claims with Requisite Specificity.** ........................... 4

        1.    **The Heightened Rule 9(b) Pleading Standard Is the Proper
Pleading Standard.** ........................................................................ 4

        2.    **Solar Liberty Does Not Qualify for Relaxed 9(b) Pleading.** ................ 4

        3.    **New York Pleading Standards Do Not Apply, Nor are They
More Lenient.** ........................................................................... 6

        4.    **The FAC and Proposed SAC Do Not Identify A False Claim
Within the Meaning of the NYFCA.** ............................................ 8

    C.    **Solar Liberty Fails to Plead Scienter Adequately in Either the FAC
and Proposed SAC.** ........................................................................ 13

    D.    **Solar Liberty Fails to Plead Materiality Adequately in Either the FAC
and Proposed SAC.** ........................................................................ 16

    E.    **Leave to Amend Should Be Denied as to Solar Liberty's Fraud in the
Inducement Claim.** ........................................................................ 16

        1.    **Allegations that a Contracting Party Did Not Intend to Meet its
Contractual Obligations Do Not Convert a Contract Action
into a Fraud Action.** .................................................................. 17

        2.    **Nor Has Solar Liberty Otherwise Pled Its Proposed Claim for
Fraudulent Inducement.** ............................................................ 19

    F.    **Dismissal Should Be with Prejudice and Leave to Amend Denied.** ............. 20

III.   **CONCLUSION** ........................................................................................... 21

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*,
   404 F.3d 566 (2d Cir. 2005)..................................................................................20

*Bramex Assocs., Inc. v. CBI Agencies, Ltd.*,
   149 A.D.2d 383 (1989) ..........................................................................................7

*Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*
   98 F.3d 13 (2d Cir. 1996)......................................................................................17

*Cortec Indus., Inc. v. Sum Holding, L.P.*,
   949 F.2d 42 (2d Cir. 1991)....................................................................................18

*Frontier-Kemper Constructors, Inc. v. Am. Rock Salt Co.*,
   224 F. Supp. 2d 520 (W.D.N.Y. 2002) .................................................................17

*Goldberg v. Gray*,
   No. 5:15-CV-0538, 2016 WL 4099189 (N.D.N.Y. Aug. 2, 2016) ..........................7

*Grupp v. DHL Worldwide Exp., Inc.*,
   604 F. App'x 40 (2d Cir. 2015) ..............................................................................3

*Health-Chem Corp. v. Baker*,
   915 F.2d 805 (2d Cir. 1990)..................................................................................20

*Johnson v. The Univ. of Rochester Med. Ctr.*,
   686 F. Supp. 2d 259 (W.D.N.Y. 2010) ...................................................................5

*Mikes v. Straus*,
   274 F.3d 687 (2d Cir. 2001) (abrogated by *Escobar*, 136 S. Ct. 1989).............11, 12

*New York ex rel. Khurana v. Spherion Corp.*,
   No. 15 CIV. 6605 (JFK), 2017 WL 1437204 (S.D.N.Y. Apr. 21, 2017) ....................4, 10, 20

*New York v. FieldTurf USA Inc.*,
   No. 100815/2017, 2019 WL 2549578 (N.Y. Sup. Ct. June 20, 2019)................8, 12

*NM IQ LLC. v. McVeigh*,
   No. 03 CIV. 4371(JFK), 2004 WL 2827618 (S.D.N.Y. Dec. 9, 2004) ....................7

*Osan Ltd. v. Accenture LLP*,
   454 F. Supp. 2d 46 (E.D.N.Y. 2006) .......................................................17, 18, 19

ii

*People v. Starbucks Corp.*,
   60 Misc. 3d 204 (N.Y. Sup. Ct. 2018) ..................................................................4

*PetEdge, Inc. v. Garg*,
   234 F. Supp. 3d 477 (S.D.N.Y. 2017)..................................................................19

*Phoenix Light SF Ltd. v. Ace Sec. Corp.*,
   39 Misc. 3d 1218(A) (N.Y. Sup. Ct. 2013)............................................................6

*United States ex rel. Chorches for Bankr. Estate of Fabula v. Am. Med. Response,
Inc.*
   865 F.3d 71 (2d Cir. 2017)....................................................................................6

*United States ex rel. Escobar v. Universal Health Servs., Inc.*,
   136 S. Ct. 1989 (2016)......................................................................9, 10, 11, 12

*United States ex rel. Grupp v. DHL Exp. (USA), Inc.*
   47 F. Supp. 3d 171 (W.D.N.Y. 2014) ....................................................................3

*United States ex rel. Kolchinsky v. Moody's Corp.*,
   No. 12CV1399, 2018 WL 1322183 (S.D.N.Y. Mar. 13, 2018)..............................13

*United States ex rel. Lee v. N. Adult Daily Health Care Ctr.*
   205 F. Supp. 3d 276 (E.D.N.Y. 2016) ...................................................................5

*United States ex rel. Roby v. Boeing Co.*,
   100 F. Supp. 2d 619 (S.D. Ohio 2000) ................................................................12

*United States ex rel. Smith v. Yale Univ.*,
   415 F. Supp. 2d 58 (D. Conn. 2006) ......................................................................5

*United States ex rel. Taylor v. Gabelli*,
   345 F. Supp. 2d 313 (S.D.N.Y. 2004).....................................................................5

*United States ex rel. Westrick v. Second Chance Body Armor Inc.*,
   128 F. Supp. 3d 1 (D.D.C. 2015) .........................................................................12

*United States ex rel. Wood v. Applied Research Assocs., Inc.*,
   328 F. App'x 744 (2d Cir. 2009) .........................................................................13

*United States v. New York Soc. for the Relief of the Ruptured & Crippled,
Maintaining the Hosp. for Special Surgery*,
   No. 07 CIV. 292 (PKC), 2014 WL 3905742 (S.D.N.Y. Aug. 7, 2014)....................4

*United States v. Rivera*,
   55 F.3d 703 (1st Cir. 1995)............................................................................11, 12

iii

*United States v. Strock*,
    No. 15-CV-0887-FPG, 2018 WL 647471 (W.D.N.Y. Jan. 31, 2018),
    reconsideration denied, No. 15-CV-887-FPG, 2018 WL 4658720 (W.D.N.Y.
    Sept. 28, 2018) ........................................................................................................13

**Statutes**

31 U.S.C. § 3729 *et seq.* (False Claims Act) ........................................................ *passim*

N.Y. State Fin. Law § 187 *et seq.* (New York False Claims Act) ........................................ *passim*

**Other Authorities**

New York CPLR § 3016(b) ..................................................................................6, 7, 8

Fed. R. Civ. P. 9(b) ............................................................................ *passim*

## I.  __INTRODUCTION__[1]

Solar Liberty tries in vain to conjure up a New York False Claims Act ("NYFCA") case, but fails for at least two primary reasons and two secondary reasons.  The primary reasons are: First, Solar Liberty has not alleged any fraud on or resulting harm to the government.  Solar Liberty's assertion that it brings its claims on behalf of the Power Authority is disingenuous, given it is Solar Liberty that allegedly has incurred damages (by its own admission), not the Power Authority.  Second, Solar Liberty has not identified in any claim for payment by Advanced Energy a misrepresentation or a statement rendered misleading.  A false claim submitted for payment is the most essential part of an NYFCA action, and Solar Liberty has not identified one.  The secondary reasons for dismissal are that Solar Liberty still fails to adequately plead scienter or materiality.

After failing to state a claim in its FAC, Solar Liberty tries and fails again in its Proposed SAC.  The Proposed SAC remains largely unchanged from the FAC, adding only a few discrete factual allegations, and still relies on the same conclusory allegations.  As the FAC and Proposed SAC each fail to identify a false claim submitted for payment, Solar Liberty's FAC, Proposed SAC, and briefing in support thereof only underscore that this case is improperly brought under the NYFCA and improperly brought in New York, rather than in Colorado.  Moreover, Solar Liberty has not stated a claim for fraudulent inducement.  Advanced Energy requests the Court

---

[1] "Solar Liberty," "Advanced Energy," and "Power Authority" are used as defined in Advanced Energy's Memorandum of Law in Support of Motion to Dismiss Amended Complaint (Dkt. 11-1), referred to herein as "Motion to Dismiss."  Solar Liberty's Memorandum of Law in Opposition to Defendant's Motion to Dismiss and in Support of Plaintiff's Cross-Motion to Amend (Dkt. 14-3) is referred to herein as Solar Liberty's "Memorandum" and cited by reference to "Sol. Memo."  Solar Liberty's First Amended Complaint (Dkt. 1-5) is referred to herein as the "FAC."  Solar Liberty's Proposed Second Amended Complaint (Dkt. 14-2) is referred to as the "Proposed SAC" and cited as "Prop. SAC."

deny Solar Liberty's cross-motion to amend, and grant Advanced Energy's motion to dismiss.[2] Solar Liberty's Proposed SAC confirms amendment would be futile, and dismissal should be with prejudice.

## II.    DISCUSSION

### A.    Solar Liberty's Memorandum and Proposed SAC Reinforce that this is a Private Dispute Between Two Parties, and not an NYFCA Case.

Solar Liberty's recent bulky filing (Dkt. 14) only serves to demonstrate this is a private dispute, and not any variety of fraud on and resulting harm to the government, as required to be actionable under the NYFCA.  Tellingly, Solar Liberty refers to itself as "Plaintiff" in multiple places in its Memorandum, not as Relator, because Solar Liberty is alleging harm on itself, not relaying harm on the government as relators in FCA[3] and NYFCA matters are supposed to do. Indeed, Solar Liberty claims it itself was defrauded by Advanced Energy, without ever alleging the Power Authority was defrauded or even that the Power Authority incurred damages (in anything but conclusory terms).  A dispute between private parties is not actionable under the NYFCA, *see* Motion to Dismiss § V.C, and this is very much a dispute between private parties, *see id.* at § III.[4]

Solar Liberty makes no attempt to distinguish the case law in Advanced Energy's Motion to Dismiss § V.C except *United States ex rel. Grupp v. DHL Exp. (USA), Inc.*, which Solar Liberty fails to distinguish by reading that case too narrowly.  There, this District dismissed the complaint

---

[2] This Court has jurisdiction to do so, as addressed in Advanced Energy's Opposition to Motion for Remand (Dkt. 13).

[3] The "FCA" refers to the federal False Claims Act, 31 U.S.C. § 3729 *et seq.*

[4] *See also* Motion to Dismiss § IV (providing authority that federal FCA case law is applicable to claims brought under the NYFCA).

2

(and the Second Circuit affirmed) because relator's claim "at best" raised a "possible claim of breach of contract," in regards to jet fuel surcharges on shipments that were transported by ground transportation.  47 F. Supp. 3d 171, 178 (W.D.N.Y. 2014), *aff'd sub nom. United States ex rel. Grupp v. DHL Worldwide Exp., Inc.*, 604 F. App'x 40 (2d Cir. 2015).  Advanced Energy uses *Grupp* and other cases to show the Second Circuit's position that a contract dispute, without more than conclusory allegations, cannot be transformed into a false claim under the FCA, or by parallel reasoning under the NYFCA.  *See* Motion to Dismiss at § V.C.  Solar Liberty has no response because this is well-established law.

Even though Solar Liberty claims losses to itself and to the Power Authority in conclusory terms, Prop. SAC ¶ 59, according to the Proposed SAC, the Power Authority has refused to accept Solar Liberty's work as complete, and has withheld payment from Solar Liberty.  Prop. SAC ¶ 53 (alleging the Power Authority has refused to accept Solar Liberty's work as final or complete, and is instead requiring Solar Liberty to replace the inverters).  This does not indicate any losses to the Power Authority, but rather costs that Solar Liberty will have to absorb, because *in the Power Authority's view* this is a dispute between Solar Liberty and Advanced Energy.  Further demonstrating the Power Authority's view of the private nature of the dispute is Exhibit F to Solar Liberty's Proposed SAC, a letter wherein the Power Authority writes to Solar Liberty, "We may need to insist that Solar Liberty extend its warranty period as assurance against future faults if the situation does not improve."  Dkt. 14-4 at 23.

Lastly, Solar Liberty's new fraud in the inducement claim in its Proposed SAC further exemplifies this is a private dispute between only Solar Liberty and Advanced Energy.  Solar Liberty claims that Advanced Energy made statements for the purpose of inducing Solar Liberty, and Solar Liberty alone, into purchasing Advanced Energy's inverters.  Prop. SAC ¶ 63.  Indeed,

per Solar Liberty's plea for relief, the fraudulent inducement claim is Solar Liberty's "individual claim."  Prop. SAC p. 21, ¶ 4.

**B.      Solar Liberty's FAC and Proposed SAC Fail because Neither Identifies False Claims with Requisite Specificity.**

**1.      The Heightened Rule 9(b) Pleading Standard Is the Proper Pleading Standard.**

Rule 9(b)'s requirement that alleged false claims be identified with particularity applies to this case.  *See* Motion to Dismiss at § V.A.1.  Solar Liberty provides no case law to support its contention that Rule 9(b) is not applicable to NYFCA claims litigated in federal court.  Of course, to maintain a cause of action against Advanced Energy *in federal court*, it is the pleading standards of the Federal Rules of Civil Procedure that apply, not the pleading standards of the state.  And, in fact, courts routinely apply Rule 9(b)'s standard to dismiss NYFCA cases.  *See, e.g., New York ex rel. Khurana v. Spherion Corp.*, No. 15 CIV. 6605 (JFK), 2017 WL 1437204, at *8 (S.D.N.Y. Apr. 21, 2017) ("A plaintiff alleging false claims under the [NYFCA] must plead with particularity the circumstances constituting fraud in accordance with Federal Rule of Civil Procedure 9(b).");  *United States v. New York Soc. for the Relief of the Ruptured & Crippled, Maintaining the Hosp. for Special Surgery*, No. 07 CIV. 292 (PKC), 2014 WL 3905742, at *6, *11–17 (S.D.N.Y. Aug. 7, 2014) (applying Rule 9(b) analysis to all of relator's FCA and NYFCA claims, and granting defendant's motion to dismiss); *People v. Starbucks Corp.*, 60 Misc. 3d 204, 221 (N.Y. Sup. Ct. 2018) (applying Rule 9(b) to grant motion to dismiss NYFCA count).  There is no reasonable argument against the application of Rule 9(b) to this case.

**2.      Solar Liberty Does Not Qualify for Relaxed 9(b) Pleading.**

Surprisingly, Solar Liberty asserts it qualifies for a relaxed 9(b) standard wherein a complaint need not detail "actual bills or invoices submitted to the government" in situations where the complaint "sets forth a complex and far-reaching scheme, the specifics of which are often

4

known only to the defendant." Sol. Memo. at 7. The situation here plainly does not meet either of the requisites for this exception.

First, Solar Liberty has not alleged a "complex and far-reaching scheme." This dispute is not particularly complex, does not involve a large number of occurrences, and did not take place over a particularly long period of time. The scope of this case is limited to inverters one entity purchased from another entity via two purchase orders in 2014 and 2015. *See* FAC ¶¶ 12, 13, Prop. SAC. ¶¶ 10, 11. Cases that have been afforded the relaxed 9(b) pleading standard have consisted of far greater complexity. *See United States ex rel. Smith v. Yale Univ.*, 415 F. Supp. 2d 58, 84 (D. Conn. 2006) (relaxed pleading allowed where the alleged fraud was "extremely complex" involving thousands of instances of Medicare claims submitted during relator's nine-year employment); *United States ex rel. Taylor v. Gabelli*, 345 F. Supp. 2d 313, 339–40 (S.D.N.Y. 2004) (allowing a relaxed pleading standard in a case involving dozens of shell companies, and over fifty defendants accused of wrongdoing during eleven auctions over the span of multiple years).

Second, Solar Liberty has not and *cannot* allege that missing detail is known only to Advanced Energy. That is because *of course* any false claim Solar Liberty claims Advanced Energy made *to Solar Liberty* is information within Solar Liberty's knowledge. It is inappropriate to relax Rule 9(b) in such circumstances. *See* Motion to Dismiss § V.A.2.[5] As such, Rule 9(b)

---

[5] Moreover, even if Solar Liberty were eligible for a relaxation of 9(b), that relaxation does not give Solar Liberty free reign to plead with conclusory allegations. "[A]s the Second Circuit has observed, a relaxed pleading standard must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *Johnson v. The Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 267 (W.D.N.Y. 2010) (internal quotations and citations omitted). The complaints in the cases Solar Liberty relies on, Sol. Memo at 7, alleged far more detail than Solar Liberty has here. In *United States ex rel. Lee v. N. Adult Daily Health Care Ctr.*, the relator detailed sixteen representative claims outlining the specifics of individual patients, the dates they received services, and the treatment they received along with location codes, category codes, registrant identification

requires Solar Liberty identify specific false claims with particularity.  Because Solar Liberty has

not done so, *see infra* II.B.4, this case should be dismissed with prejudice.

> **3.      New York Pleading Standards Do Not Apply, Nor are They More Lenient.**

Setting aside that it is the federal pleading standard that applies, not the state pleading

standard, *see supra* § II.B.1, the requirements are nearly identical, and Solar Liberty fails both

federal and state pleading standards.  Similar to Federal Rule of Civil Procedure Rule 9(b) which

provides, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances

constituting fraud or mistake," New York Civil Practice Rule 3016(b) provides that "[w]here a

cause of action or defense is based upon misrepresentation, fraud, mistake, wilful default, breach

of trust or undue influence, the circumstances constituting the wrong shall be stated in detail."

Courts have consistently interpreted the New York C.P.L.R. 3016(b) as akin to the Rule 9(b)

pleading standard for particularity.  *Phoenix Light SF Ltd. v. Ace Sec. Corp.*, 39 Misc. 3d 1218(A)

(N.Y. Sup. Ct. 2013) ("the heightened pleading standard under CPLR 3016(b) and FRCP 9(b) are

effectively the same") (internal quotations and citations omitted); *NM IQ LLC. v. McVeigh*, No.

---

codes, the amount paid, service codes, a daily rate and dates of service for alleged false claims an
adult nursing center had submitted to Medicaid.  205 F. Supp. 3d 276, 291 (E.D.N.Y. 2016).  In
*United States ex rel. Chorches for Bankr. Estate of Fabula v. Am. Med. Response, Inc.*, the relator
there passed the more relaxed 9(b) pleading standard because even though he was unable to
provide the specific documents containing false claims that defendant submitted to Medicare for
the reimbursement of ambulance rides, relator identified ten specific runs during which he was
ordered to alter patient care reports to include false or misleading information and provided dates
or approximate dates for these runs, the names of the other paramedics who accompanied him on
the trips, the individual conditions of the patients being transported, the names of the supervisors
who instructed that forms be altered to contain fraudulent information, and letters and email
messages between relator and one of the supervisors at issue regarding the supervisor's request to
have relator amend the form. 865 F.3d 71, 77, 78 (2d Cir. 2017).  *See* Motion to Dismiss at § V.B
(explaining that, even setting aside Solar Liberty's failure to identify specific false claims
submitted for payment, Solar Liberty has not otherwise sufficiently pled circumstances allegedly
constituting fraud).

03 CIV. 4371(JFK), 2004 WL 2827618, at *7 (S.D.N.Y. Dec. 9, 2004) ("New York CPLR 3016(b) . . . is New York's version of Rule 9(b)."); *Bramex Assocs., Inc. v. CBI Agencies, Ltd.*, 149 A.D.2d 383 (1989) (conclusory allegations of fraud are insufficient under CPLR 3016(b)); *Goldberg v. Gray*, No. 5:15-CV-0538 (DNH/TWD), 2016 WL 4099189, at *9 (N.D.N.Y. Aug. 2, 2016) ("Similar to Federal Rule of Civil Procedure 9(b), New York C.P.L.R. § 3016(b) requires that the circumstances constituting [fraud] shall be stated in detail.") (internal quotations and citations omitted).

Similar to how federal case law describes a relaxed 9(b) pleading standard under certain circumstances, the NYFCA codifies a relaxed § 3016(b) standard whereby a relator need not identify specific false claims or the specific records or statements containing those claims under certain circumstances. Specifically, the NYFCA provides that specific false claims or the records containing them need not be identified in a complaint with specificity when: (a) the *facts* alleged in the complaint, if ultimately proven true, would provide a reasonable indication that the NYFCA was violated; and (b) if the allegations in the pleading provide adequate nature of the alleged misconduct to permit the state or a local government effectively to investigate and defendants fairly to defend the allegations made. NYFCA § 192(1-a). Because these requisites are not met, and Solar Liberty has not identified any false claim submitted for payment, Solar Liberty would not meet New York's pleading standard, either.

To be sure, the first prong—that the *facts* alleged in the complaint, if ultimately proven true, would provide a reasonable indication that the NYFCA was violated—requires *factual allegations*, not conclusory statements, and it does not excuse Solar Liberty from pleading the *details* demanded by federal and state pleading standards for allegations of fraud. Rather, it only excuses the failure to identify a specific false claim when sufficient other *factual details* are

7

present.  *See New York v. FieldTurf USA Inc.*, No. 100815/2017, 2019 WL 2549578, at *2 (N.Y. Sup. Ct. June 20, 2019) (acknowledging that allegations under the NYFCA still "must be pled with particularity under the heightened pleading standard of CPLR § 3016").  Nor does Solar Liberty meet the second prong—that the allegations in the pleading provide adequate nature of the alleged misconduct to permit Advanced Energy to fairly defend the allegations.  *See* Motion to Dismiss at 18.  As detailed in the Motion to Dismiss and this brief, Solar Liberty has neither identified any false claim submitted for payment, nor sufficient other factual details or any other considerations that would enable it to omit identification of specific false claims, and as such fails federal and state pleading standards.  *See* Motion to Dismiss at 5-13; *infra* at 8-11.

### 4. The FAC and Proposed SAC Do Not Identify A False Claim Within the Meaning of the NYFCA.

The NYFCA begins its definition of claim as "any request or demand, whether under contract or otherwise, for money or property . . . ."  Thus, under the NYFCA, *a false claim must be a false request or demand for money or property*.  Neither the FAC nor the Proposed SAC identifies a single request or demand for money or property by Advanced Energy that was false. As such, the inquiry is at an end and this action must be dismissed.

Solar Liberty's failure to identify a false claim is discussed in the Motion to Dismiss, § V.A.1.  In response, Solar Liberty claims Advanced Energy submitted false invoices, but does not identify a false statement in any invoice.  *See* Sol. Memo. at 8-9.  What is false about a seller invoicing a buyer for products sold?  Solar Liberty points to no fraudulent misrepresentation in any invoice.  A contractual dispute or a products liability claim surely is the more appropriate vehicle for Solar Liberty's complaints about the inverters it purchased from Advanced Energy.

While failure to disclose certain information can sometimes form the basis for FCA liability, because the provisions of the FCA and NYFCA require *a false claim for payment*, there

must be an affirmative specific representation in a claim for payment that is rendered misleading by the failure to disclose in order for liability to attach. The theory under which omissions (failures to disclose) can lead to liability under the FCA is called "implied certification," and the United States Supreme Court has well-defined when such liability can lie:

> According to this theory, when a defendant submits a claim, it impliedly certifies compliance with all conditions of payment. But if that claim fails to disclose the defendant's violation of a material statutory, regulatory, or contractual requirement, so the theory goes, the defendant has made a misrepresentation that renders the claim "false or fraudulent" under [the FCA]. . . .

> We . . . hold that, at least in certain circumstances, the implied false certification theory can be a basis for liability. Specifically, liability can attach *when the defendant submits a claim for payment that makes specific representations* about the goods or services provided, *but knowingly fails to disclose the defendant's noncompliance with a statutory, regulatory, or contractual requirement.* In these circumstances, liability may attach *if the omission renders those representations misleading.*

*United States ex rel. Escobar v. Universal Health Servs., Inc.*, 136 S. Ct. 1989, 1995 (2016) (emphasis added).

Despite citing *Escobar*, Sol. Memo. at 9, Solar Liberty plainly does not meet the Supreme Court's test in *Escobar* for omission-based liability. The Supreme Court held, "liability can attach when the defendant submits a claim for payment that makes specific representations about the goods or services provided, but knowingly fails to disclose the defendant's noncompliance with a statutory, regulatory, or contractual requirement." *Escobar*, 136 S. Ct. at 1995. Here, not only has Solar Liberty not identified any specific statutory, regulatory, or contractual requirement violated by Advanced Energy, but Solar Liberty also has not identified any specific representation Advanced Energy made *in any claim for payment* (much less one made misleading by a failure to disclose a violation of a legal requirement)*.* And, it is not as though Solar Liberty does not have access to its contracts with Advanced Energy (detailing legal requirements) or access to all representations in Advanced Energy's invoices to Solar Liberty. What specific contractual

provision does Solar Liberty allege Advanced Energy breached?  Or rather does Solar Liberty allege Advanced Energy violated a statutory or regulatory provision?  What specific representations in Advanced Energy's invoices were rendered misleading by Advanced Energy's purported omissions?  Solar Liberty identifies none in either the FAC or Proposed SAC.  As such, Solar Liberty's allegations of Advanced Energy's failures to disclose cannot form the basis of an NYFCA case.

The Proposed SAC includes some discrete factual allegations regarding alleged representations made by Advanced Energy, but none of these alleged representations were made in a claim for payment, and therefore cannot form the basis of a false claim under the NYFCA. Solar Liberty attempts to circumvent this requirement by alleging that, "[b]y invoicing" Solar Liberty for the inverters, Advanced Energy was making a false claim in the invoice.  Prop. SAC ¶ 51.  But this argument does not pass muster under *Escobar* because it does not identify a specific representation in the invoice that has been rendered false or misleading.  *See Escobar*, 136 S. Ct. at 2001 (requiring for FCA liability that "the claim does not merely request payment, but also makes specific representations" that are "misleading half-truths").  The failure to identify a false claim for payment is not a technicality; it is a failure to plead the most central element of the FCA. *See* Motion to Dismiss at § V.A.1.

To be sure, "Courts in this Circuit have recognized three cognizable theories under which a claim may be false or fraudulent."  *New York ex rel Khurana v. Spherion Corp.,* 2017 WL 1437204, at *7 (citing *United States ex rel. Kolchinsky v. Moody's Corp*., 238 F.Supp.3d 550 (S.D.N.Y. Mar. 2, 2017).  Those cognizable theories of falsity are limited to: (1) factual falsity, wherein a request for payment contains an incorrect description of goods or services, and legal falsity, wherein (2) the request for payment expressly contains a specific misrepresentation

(express false certification) or (3) the request for payment contains a representation that is misleading (implied false certification).  *Id.*  As Solar Liberty does not identify a specific misrepresentation in Advanced Energy's claims for payment (*i.e.,* the invoices), Solar Liberty cannot proceed under a theory of factual falsity nor express false certification.  And, because Solar Liberty cannot identify a specific representation in Advanced Energy's claims for payment that was rendered misleading, Solar Liberty cannot proceed under a theory of implied false certification.[6]

Instead, Solar Liberty argues that this case is a proper NYFCA case because generally it is about an alleged defective product.  Sol. Memo. at 15-16.  But allegations of a defective product— even one alleged to be purchased with government funds—are not enough to make a case properly an FCA case; a plaintiff still needs to identify a false claim submitted for payment.  Solar Liberty's citation to *Mikes v. Straus*, 274 F.3d 687, 692 (2d Cir. 2001) (abrogated by *Escobar*, 136 S. Ct. 1989) and *United States v. Rivera*, 55 F.3d 703, 705 (1st Cir. 1995), for their soundbites about fraud during the Civil War show exactly that.  The impetus for the FCA was not just that products sold to the government during the Civil War were merely defective, but that the government was charged for goods that were nonexistent, or goods so inadequate as to be effectively worthless, and

---

[6] Just like the FAC, the Proposed SAC's disregard of Rule 9(b) is not limited to its failure to identify a false claim.  For example, in an apparent attempt to respond to the FAC's failure to plead the "who, what, where, when, why" of the circumstances allegedly constituting fraud, the Proposed SAC adds some discrete detail, but not enough, and resorts to personifying Solar Liberty and Advanced Energy to avoid identifying the "who."  For example, paragraph 9 of the Proposed SAC alleges "Relator Solar Liberty approached Defendant Advanced Energy," "Relator Solar Liberty described the location . . . to Defendant Advanced Energy," and "Defendant Advanced Energy recommended . . . ."  But *entities* do not approach one another, describe locations to one another, or make recommendations to one another without one or more specific persons or at least specific documents initiating the approach, describing the location, and making the recommendation.  Personifying corporate entities does not sufficiently identify the "who," nor does the Proposed SAC identify where this "approach" took place (or even whether it was via phone, email, or in person), who participated, or when.

charged inflated prices, by nefarious contractors at the time.  By contrast, Solar Liberty does not allege that Advanced Energy failed to produce inverters at all, or facts to support they were effectively worthless (just a late-added and implausible conclusory assertion), or that it was charged commercially unreasonable prices.  Here, it is only that the inverters had a remediable problem that required more back-and-forth and expense than Solar Liberty would have liked that Solar Liberty complains.  If Solar Liberty has a claim, it is not under the NYFCA.

Moreover, the cases Solar Liberty relies on for its assertion that this is a paradigmatic FCA case, Sol. Memo at 15-16, do not support it because none of those cases held there can be liability without a misrepresentation in the claim for payment.  *See Mikes v. Straus,* 274 F.3d at 692, 701 (holding defendants did not submit false claims); *United States v. Rivera*, 55 F.3d at 709 (application filed with the government containing "inflated" numbers requested for reimbursement was a false claim; "The paradigmatic example of a false claim under the FCA is a false invoice or bill for goods or services . . . .  In furthering this goal, the statute attaches liability, not to the underlying fraudulent activity or to the government's wrongful payment, *but to the 'claim for payment*.'") (emphasis added) (internal citations omitted); *United States ex rel. Westrick v. Second Chance Body Armor Inc.*, 128 F. Supp. 3d 1, 6 (D.D.C. 2015) (whether there was a false claim could not be decided on summary judgment); *United States ex rel. Roby v. Boeing Co*., 100 F. Supp. 2d 619 (S.D. Ohio 2000) (representation *in claim for payment* that contracted helicopters conformed to all of the specified contract requirements may have been false).  Moreover, these cases are pre-*Escobar* and they contain descriptions regarding theories of liability under the FCA that have since been supplanted by the Supreme Court in E*scobar*.[7]

---

[7] Nor can Solar Liberty survive under a fraudulent inducement theory of FCA liability.  Solar Liberty heavily relies on a lone case, *New York v. FieldTurf USA Inc.*, 2019 WL 2549578, at *1. That case cites *Escobar* without examining its requirements or identifying a misrepresentation in

12

### C.     Solar Liberty Fails to Plead Scienter Adequately in Either the FAC and Proposed SAC.

Solar Liberty directs most of its energy at attempting to bolster its allegations of scienter. Its efforts were misdirected; bolstered allegations of scienter do not save Solar Liberty's failure to identify a false claim for payment or the other pleading deficiencies of the FAC and the Proposed SAC.  Moreover, despite its attempts, Solar Liberty *still* has not sufficiently pled scienter.

Although "Rule 9(b) permits scienter to be demonstrated by inference, this must not be mistaken for license to base claims of fraud on speculation and conclusory allegations. An ample factual basis must be supplied to support the charges."  *United States ex rel. Wood v. Applied Research Assocs., Inc.*, 328 F. App'x 744, 747 (2d Cir. 2009) (citing *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 676 (2d Cir.1991).  The FCA and NYFCA contain the same scienter standard; neither requires proof of a specific intent to defraud (contrary to Solar Liberty's assertion, Sol. Memo. at 13).  Both the FCA and NYFCA require the defendant "knowingly"

---

a claim for payment that omissions rendered misleading.  Moreover, the court did not permit the NYFCA claims to proceed in that case, for other reasons.  *Id.* at 3.   As such, the language that Solar Liberty cite the case for is dicta.   Moreover, most fraudulent inducement cases relate to defendants who certified eligibility to receive government monies, when they were in fact ineligible, or made fraudulent statements collateral to and not covered by the contracts at issue. Such cases are a far cry from this case, a mislabeled breach of warranty action.

At any rate, another reason Solar Liberty cannot claim an FCA violation premised on fraudulent inducement is Solar Liberty has not pled fraudulent inducement.  *See infra* § II.E.  Nor has Solar Liberty pled scienter, *infra* § II.C, or materiality, *infra* § II.D.  *See United States ex rel. Kolchinsky v. Moody's Corp.*, No. 12CV1399, 2018 WL 1322183, at *5 (S.D.N.Y. Mar. 13, 2018) ("fraudulent inducement, like legal falsity, requires establishing materiality"; holding "No allegation plausibly and specifically pleads that Moody's made a misrepresentation to a government agency, that Moody's intended that statement to induce that agency's purchase, and that the agency was so induced."); *United States v. Strock*, No. 15-CV-0887-FPG, 2018 WL 647471, at *12 (W.D.N.Y. Jan. 31, 2018), reconsideration denied, No. 15-CV-887-FPG, 2018 WL 4658720 (W.D.N.Y. Sept. 28, 2018) (holding "*Escobar*'s materiality standard applies to all of Plaintiff's claims brought under § 3729(a)(1)(A) regardless of whether those claims were brought under a theory of implied false certification, express false certification, or fraudulent inducement").

13

presented or caused to be presented a false or fraudulent claim for payment or approval, and they both define "knowingly" to mean that the defendant had "actual knowledge" that the presented claim was false or acted in "deliberate ignorance" or "reckless disregard" as to the truth or falsity of the claim.  31 U.S.C. § 3729(b)(1); N.Y. State Fin. Law § 188(3)(a).

Pleading scienter based on conclusory allegations is exactly what Solar Liberty does.  As to the FAC, *see* Motion to Dismiss at 17-18.  The Proposed SAC suffers the same defect.  The number of conclusory allegations of scienter do not make up for the lack of factual allegations supporting these conclusory allegations.  *See, e.g.,* Prop. SAC ¶ 17 (alleging inverter failures were well-known to, and actively concealed by, Advanced Energy, without supporting factual allegations); Prop. SAC ¶ 18 (alleging in conclusory fashion that Advanced Energy "knew" of a high failure rate); Prop. SAC ¶ 19 (stating Advanced Energy was aware of inverter failures "since at least December 2013" without providing any supporting factual allegations); Prop. SAC ¶ 20 (stating, "On information and belief," without listing on *what* information, "Defendant Advanced Energy was at all times aware of the excessively high failure rates of its inverters"); Prop. SAC ¶ 26 (stating that Advanced Energy was aware its inverters were prone to failing without any supporting factual allegations); Prop. SAC ¶ 29 (alleging Advanced Energy made representations "knowing they were false" without supporting factual allegations); Prop. SAC ¶ 30 (same); Prop. SAC ¶ 44-45 ("on information and belief' Advanced Energy engaged in a practice to deceive).  These allegations of Advanced Energy's scienter merely consist of what any burgeoning law student would recognize as a circular argument that equates to "they knew therefore they knew."  Moreover, other allegations in the Proposed SAC as to Advanced Energy's scienter are not specific as to time, nor do they demonstrate awareness of widespread product defects that would render later-in-time statements regarding the inverters' reliability misleading.  *See, e.g.,* Prop. SAC ¶ 40.

14

The Proposed SAC alleges something nefarious about Advanced Energy providing upgrades and advice to its customers, but these allegations indicate *good* intent, not *fraudulent* intent.  *See, e.g.,* Prop. SAC ¶ 32 (Advanced Energy provided upgrades to customers) (citing Exhibit C, Dkt. 14-4 at 10-11); Prop. SAC ¶ 33 (Advanced Energy customer service document regarding upgrade) (citing Exhibit D, Dkt. 14-4 at 13-18); Exhibit C (advising customers of the availability of a free upgrade); Exhibit D (internal Advanced Energy document regarding the upgrade).  Solar Liberty claims Exhibit D—the internal document—reveals the "extent to which Defendant Advanced Energy was aware of the inherent defects of the inverters" and that the internal nature of this document means it was "intended to cover up the existence and extent of the problem."  Prop. SAC ¶ 33.  But those internal talking points do not indicate knowledge of a widespread issue and instead indicate that Advanced Energy had "identified a *rare* instance which may lead to operational issues" and that "there have been *no* serious consequences from this situation."  Dkt. 14-4 at 14 (emphases added).  The talking points demonstrate Advanced Energy's concern over the possible separation of the inverter lid from the main chassis under certain circumstances—despite that such instances were rare—and Advanced Energy's genuine and prompt efforts to address it.  Surely companies are entitled to offer customers upgrades and have internal-only documents containing talking points for customer upgrades without being accused of fraud.

Lastly, the Proposed SAC invokes a Public Safety Notice dated February 5, 2018—*years* after any purchase order or invoice alleged in the Proposed SAC.  First, this Notice was later recalled and withdrawn, as Solar Liberty knows.[8]  Moreover, this Notice only reports *two* known

---

[8] Advanced Energy informed Solar Liberty via letter on June 12, 2018 that this Notice had been withdrawn.

instances (2 units out of 550 or more) and, moreover, is too late in time to demonstrate Advanced

Energy had knowledge of these (rare) failures prior to submitting invoices to Solar Liberty.  Solar

Liberty has not pled scienter sufficiently in the FAC or the Proposed SAC.

> **D.**      **Solar Liberty Fails to Plead Materiality Adequately in Either the FAC and Proposed SAC.**

Whether Solar Liberty has adequately alleged a false claim submitted for payment was

*material* is beside the point because Solar Liberty has not identified a false claim submitted for

payment.  *See supra* § II.B.4.  At any rate, there are no allegations of materiality to government

funds.  Even though Solar Liberty claims losses to itself and to the Power Authority in conclusory

terms, Prop. SAC ¶ 59, according to the proposed SAC, the Power Authority has refused to accept

Solar Liberty's work as complete, and has withheld payment from Solar Liberty.  Prop. SAC ¶ 53.

This does not indicate losses to the Power Authority, but rather costs that Solar Liberty will have

to absorb.

Moreover, whereas Solar Liberty alleges some specific dates—such as invoice dates, Prop.

SAC ¶ 13, glaringly missing is on which dates Solar Liberty *paid* Advanced Energy's invoices.

Were those payments after Solar Liberty became aware of instances of alleged inverter failures?

If so, the existence of such (rare) failures could hardly be considered material to Solar Liberty's

decision to pay.  Is that why Solar Liberty has not included allegations as to *when* it learned of

purported inverter failures and *when* it issued payments to Advanced Energy?  Solar Liberty needs

more to survive 9(b), and it does not have it.

> **E.**      **Leave to Amend Should Be Denied as to Solar Liberty's Fraud in the Inducement Claim.**

Solar Liberty's new fraud in the inducement claim—added to the Proposed SAC—cannot

save this case from full dismissal, and leave to amend should not be granted for it.  As an initial

matter, a private dispute between Solar Liberty and Advanced Energy is improper in New York,

16

as the parties' agreements require disputes related to their agreements be brought in Colorado State Court.[9]  Moreover, applying the Second Circuit's *Bridgestone* principles, Solar Liberty has not stated a claim against Advanced Energy for fraudulent inducement.  Nor has Solar Liberty otherwise pled the elements of fraudulent inducement.

> 1.    **Allegations that a Contracting Party Did Not Intend to Meet its Contractual Obligations Do Not Convert a Contract Action into a Fraud Action.**

In *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, the Second Circuit held that, when a plaintiff alleges the defendant fraudulently induced it to enter into a contract by way of a misrepresentation, the plaintiff has an additional burden beyond establishing the elements of fraudulent inducement.  That is, the plaintiff must "either (1) demonstrate a legal duty separate from the duty to perform under the contract; (2) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (3) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages."  98 F.3d 13, 20 (2d Cir. 1996) (citations omitted).  "[T]his well-settled test . . . ensures that contract actions are not improperly converted into fraud actions by mere allegations that a contracting party did not intend to meet its contractual obligations."  *Osan Ltd. v. Accenture LLP*, 454 F. Supp. 2d 46, 52 (E.D.N.Y. 2006) (granting motion to dismiss fraudulent inducement claim); *Frontier-Kemper Constructors, Inc. v. Am. Rock Salt Co.*, 224 F. Supp. 2d 520, 530-31 (W.D.N.Y. 2002) (same).  Neither the FAC nor the Proposed SAC meet this test.

---

[9] *See* Terms and Conditions of Sales and Services, attached hereto as **Exhibit A** at 4 ("Customer shall only bring an action arising from or relating to these Terms in a federal court in Denver, Colorado or in state court in Fort Collins, Colorado.").  *See infra* p. 18, n.10.

4811-5866-4368.5

First, the only legal duty between the parties is the duty to perform under their agreements. Solar Liberty has not identified any other legal duty Advanced Energy owed it and, indeed, the parties engaged in arms-lengths transactions.  In *Osan Ltd.*, the plaintiffs argued they met this prong because defendants had a duty to "refrain from providing misleading and erroneous information," but the court disagreed because the parties were "dealing in an arms-length transaction" and "[g]iven the absence of any . . . fiduciary duties" between the parties.  454 F. Supp. 2d at 55.  *See also Frontier-Kemper Constructors, Inc. v. Am. Rock Salt Co.*, 224 F. Supp. 2d at 530-31 ("it is clear that the parties dealt at arm's length, and that defendant owed no such [additional] duty to plaintiff").

Second, Solar Liberty has not alleged a fraudulent misrepresentation collateral or extraneous to the contract.  Rather, Solar Liberty complains that inverters it procured from Advanced Energy suffered from defects that Advanced Energy did not remediate to Solar Liberty's satisfaction.  But that complaint is controlled by Advanced Energy's warranty to Solar Liberty and, as such, sounds in contract.  When obligations appear "on the face of" a contract, "New York law requires [plaintiffs] rely on that contract, not an action in tort, to seek relief in the first instance."  *Osan Ltd. v. Accenture LLP*, 454 F. Supp. 2d at 53–54.  Indeed, the terms and conditions governing Advanced Energy's sale of inverters to Solar Liberty provide Advanced Energy's warranty that inverters "will be free from defects in material and workmanship" for the warranty period.  **Exhibit A** at 2.[10]

---

[10] On a motion to dismiss, a defendant may attach documents that are integral to a plaintiff's allegations without converting the motion to a motion for summary judgment.  *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).  The Terms and Conditions governing Advanced Energy's sale of inverters to Solar Liberty—especially Advanced Energy's warranties covering product defects—are integral to Solar Liberty's allegations regarding alleged defects, alleged false representations, and alleged fraudulent inducement.  *See Cortec Indus.,* at 48 (district court was entitled to consider stock purchase agreement, offering memorandum, and warrant that

18

Third, Solar Liberty does not assert any damages that "are a special consequence of the alleged fraud and, thus, can be separated from contract damages." *Osan Ltd. v. Accenture LLP*, 454 F. Supp. 2d at 55-56. Labeling damages as "special damages" in the Proposed SAC does not make them so. If Solar Liberty has damages, they are entirely traced to inverter issues, none specially traced to any representations by Advanced Energy. As such, "any resulting damages are appropriately recovered by Plaintiff under a contract theory, not fraud." *Id.* at 56. Because Solar Liberty's fraud in the inducement claim does not pass the Second Circuit's *Bridgestone* test, it does not state a claim. "Where, as here, 'the essence of Plaintiff's fraud claim is Defendant['s] alleged non-performance of its duties under the contracts between the parties, the remedy for the infraction alleged by [Plaintiff] is an action in contract.'" *Id.* (citation omitted). Leave to amend should be denied.

### 2.     Nor Has Solar Liberty Otherwise Pled Its Proposed Claim for Fraudulent Inducement.

Even setting aside the *Bridgestone* principles, Solar Liberty has not otherwise sufficiently pled its claim for fraudulent inducement. "A claim for fraudulent inducement must satisfy the heightened pleading requirement of Federal Rule Civil Procedure 9(b), which requires that a party state with particularity the circumstances constituting fraud." *PetEdge, Inc. v. Garg*, 234 F. Supp. 3d 477, 490–91 (S.D.N.Y. 2017) (dismissing fraudulent inducement claim) (internal quotations and citation omitted). In addition to meeting *Bridgestone* test, to state a claim for fraudulent inducement under New York law, a plaintiff must allege with specificity: (1) a representation of material fact, (2) which was untrue, (3) which was known to be untrue or made with reckless

---

defendant attached to its motion to dismiss because the plaintiffs "did not lack notice of those documents" and the documents "were integral to its complaint").

disregard for the truth, (4) which was offered to deceive another or induce him to act, and (5) which that other party relied on to its injury.  *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 580 (2d Cir. 2005) (affirming dismissal of fraudulent inducement claim).  Solar Liberty has failed to plead these elements.

These elements in large part have been addressed *supra*.  As to the first, second, and third elements, Solar Liberty has not pled facts supporting that Advanced Energy made a false statement it knew to be untrue at the time or made with reckless disregard for the truth.  *See supra* § II.C (and particularly p. 14).  As to the fourth element, the Proposed SAC is devoid of facts supporting that Advanced Energy made any such statement *in order to* induce or deceive Solar Liberty into purchasing inverters from it, and it contains only a boilerplate allegation in this regard.  *See* Prop. SAC ¶ 63.  Lastly, the Proposed SAC does not plead facts supporting Solar Liberty relied on any alleged misrepresentation to its injury.  *See supra* § II.D.  As such, Solar Liberty's proposed fraud in the inducement cause of action does not state a claim.

### F.    Dismissal Should Be with Prejudice and Leave to Amend Denied.

As detailed throughout this brief, Solar Liberty's Proposed SAC still fails to state a claim. Solar Liberty's motion to amend therefore should be denied as futile.  *See Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("where, as here, there is no merit in the proposed amendments, leave to amend should be denied"); *New York ex rel. Khurana v. Spherion Corp.*, 2017 WL 1437204, at *3 (denying plaintiff's motion for leave to file amended complaint as futile, explaining, "[a] proposed amended complaint is futile when it 'fails to state a claim'") (quoting *Kuriakose v. Fed. Home Loan Mortg. Corp.*, 897 F. Supp. 2d 168, 176 (S.D.N.Y. 2012).

III.   <u>**CONCLUSION**</u>

For the foregoing reasons, and those stated in its Motion to Dismiss, Advanced Energy respectfully requests the Court deny Solar Liberty's cross-motion to amend and dismiss this case, with prejudice.

Dated: January 27, 2020

/s/ Lori A. Rubin
Lori A. Rubin
Foley & Lardner LLP
3000 K Street, N.W.
Suite 600
Washington, D.C. 20007-5109
T: 202.295.4760
larubin@foley.com

Sara P. Madavo
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016-1314
T: 212-682-7474
smadavo@foley.com

*Attorneys for Defendant Advanced Energy Industries, Inc.*

4811-5866-4368.5

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2020, I electronically filed the foregoing document, causing service upon counsel for Relator via the Notice of Electronic Filing.  I further certify that on January 27, 2020, I caused to be served a copy of the foregoing document to the following counsel via overnight mail:

David E. Farber, Esq.
Assistant Attorney General
Taxpayer Protection Bureau
Office of the New York Attorney General
28 Liberty Street, 21st Floor
New York, New York 10005
(212) 416-6507

/s/ Lori A. Rubin
Lori A. Rubin
Foley & Lardner LLP
3000 K Street, N.W.
Suite 600
Washington, D.C. 20007-5109
T: 202.295.4760
larubin@foley.com

*Attorney for Defendant Advanced Energy Industries, Inc.*

4811-5866-4368.5