UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THE POWER AUTHORITY OF THE
STATE OF NEW YORK, *ex rel.* SOLAR
LIBERTY ENERGY SYSTEMS, INC.,

               Plaintiff,

     v.

ADVANCED ENERGY INDUSTRIES,
INC.,

               Defendant.
_____

                    19-CV-1542-LJV-JJM
                    DECISION & ORDER

## <u>INTRODUCTION</u>

On October 23, 2018, the plaintiff, the Power Authority of the State of New York

("Power Authority"), by and through a *qui tam* relator, Solar Liberty Energy Systems,

Inc. ("Solar Liberty"), filed an amended complaint under the New York False Claims Act

("NYFCA") in New York State Supreme Court, Erie County.  Docket Item 1-5.  On

November 15, 2019, the defendant, Advanced Energy Industries, Inc. ("Advanced

Energy"), removed the action to this Court.  Docket Item 1.

On December 6, 2019, Solar Liberty moved to remand.  Docket Item 7.  A week

later, Advanced Energy moved to dismiss for failure to state a claim, Docket Item 11,

and on January 3, 2020, Solar Liberty cross-moved to amend its complaint, Docket Item

14-2.  On October 9, 2020, this Court denied Solar Liberty's motion to remand and

Advanced Energy's motion to dismiss and granted Solar Liberty's motion to amend.

Docket Item 28.

After Solar Liberty filed a second amended complaint, *see* Docket Item 30, this Court referred the matter to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Items 36, 47. On February 19, 2021, Advanced Energy moved to transfer venue under 28 U.S.C. § 1404(a), arguing that a forum-selection clause in its contract with Solar Liberty required that this case be transferred to the United States District Court for the District of Colorado.  Docket Item 48.  On March 5, 2021, Solar Liberty responded, Docket Item 49, and on March 12, 2021, Advanced Energy replied, Docket Item 50.

On March 23, 2021, Judge McCarthy issued a Decision and Order ("D&O") denying the motion to transfer venue.  Docket Item 55.  Judge McCarthy found that Advanced Energy had waived its venue objection by "fil[ing] a 12(b)(6) motion [to] dismiss[]" and "resort[ing] to the forum[-]selection clause[]" in the contract "[o]nly after that motion was unsuccessful."  *Id.* at 4.  On April 6, 2021, Advanced Energy objected to the D&O, Docket Item 56; on April 28, 2021, Solar Liberty responded, Docket Item 59; and on May 12, 2021, Advanced Energy replied, Docket Item 60.

This Court has carefully and thoroughly reviewed the record in this case; the D&O; the objection, response, and reply; and the materials submitted to Judge McCarthy.  Based on that review, the Court affirms Judge McCarthy's D&O denying Advanced Energy's motion to transfer venue.[1]

---

[1] The Court assumes familiarity with the facts alleged in the second amended complaint, Docket Item 30, and Judge McCarthy's analysis in the D&O, Docket Item 55, as well as the procedural history of this case.

2

## STANDARD OF REVIEW

Under Rule 72(a) of the Federal Rules of Civil Procedure, when a party timely objects to a magistrate judge's decision on a non-dispositive matter, "the district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A).  "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  A decision is contrary to law "when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (citation omitted).  Unlike *de novo* review for dispositive matters, which is without deference, *see Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168 (2d Cir. 2001), the standard of review for non-dispositive decisions is "highly deferential":  a district court "may not reject a magistrate judge's non-dispositive order 'merely because the [district] court would have decided the matter differently.'"  *Davis v. 2191 Niagara Street, LLC*, 351 F. Supp. 3d 394, 410 (W.D.N.Y. 2019) (citing *Rubin v. Valicenti Advisory Svcs., Inc.*, 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007)).

## DISCUSSION

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to

which all parties have consented."  Generally, "a district court considering a [section] 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations . . . and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'"  *Atl. Marine Constr. Co. v. United States Dist. Ct. for Western Dist. of Tex.*, 571 U.S. 49, 62-63 (2013) (citing 28 U.S.C. § 1404(a)).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause . . . ."  *Id.* at 63.  "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause.  Only under extraordinary circumstances unrelated to the convenience of the parties should a [section] 1404(a) motion be denied."  *Id.* at 62.

To determine whether a forum-selection clause is enforceable, courts in this circuit consider "(1) 'whether the clause was reasonably communicated to the party resisting enforcement'; (2) whether the clause is 'mandatory or permissive' . . . ; and (3) 'whether the claims and parties involved in the suit are subject to the forum selection clause.'"  *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (quoting *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007)).  "If the forum clause was communicated to the resisting party, has mandatory force[,] and covers the claims and parties involved in the dispute, it is presumptively enforceable."  *Id.* (citing *Phillips*, 494 F.3d at 383).  "A party can overcome this presumption only by . . . 'making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'"  *Id.* (citing *Phillips*, 494 F.3d at 383-84 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972))).

4

There is a "strong public policy" in favor of enforcing forum-selection clauses. *Wachovia Bank Nat'l Ass'n v. EnCap Golf Holdings, LLC*, 690 F. Supp. 2d 311, 327 (S.D.N.Y. 2010) (quoting *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1361 (2d Cir. 1993)). Nevertheless, a court may find that a party has waived a venue objection "when [the] party takes actions that are inconsistent with it."  *See Ferraro Foods, Inc. v. M/V IZZET INCEKARA*, 2001 WL 940562, at *3 (S.D.N.Y. Aug. 20, 2021) (citing cases).  "Courts have found implied waiver of venue where a party has repeatedly represented that venue is appropriate[] or actively pursued substantive motions."  *Id.* at *4 (citing *Orb Factory Ltd. v. Design Science Toys*, 6 F. Supp. 2d 203, 206-07 (S.D.N.Y. 1998); *Altman v. Liberty Equities Corp.*, 322 F. Supp. 377, 378) (S.D.N.Y. 1971)).  Conversely, "no waiver has been found where parties merely participated in pretrial motions[ or] moved to dismiss after discovery has been completed . . . . "  *Id.* (internal citation omitted) (citing *Sherman v. Moore,* 86 F.R.D. 471, 473-74 (S.D.N.Y.1980) (collecting cases)).

"Whether a party has impliedly waived objections to venue is a fact-intensive inquiry," *id.*, and "[t]here is no clear boundary . . . [indicating] what action a party may take during the pretrial stage and still invoke its venue objection and what conduct on its part will constitute waiver of that defense," *Krape v. PDK Labs Inc.*, 194 F.R.D. 82, 86 (S.D.N.Y. 1999) (alterations in original) (citation omitted).  For example, the court in *Kasper Global Collection & Brokers, Inc. v. Global Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp. 2d 542 (S.D.N.Y. 2013), found that the defendants did not waive enforcement of a forum-selection clause when they did not "assert[] the forum-selection clause as an affirmative defense in [their] [a]nswer[s]" but "den[ied the p]laintiff's allegation that venue

5

was proper" and sought "enforcement of the forum-selection clause . . . [in] their first motion to the [c]ourt."  952 F. Supp. 2d at 567-88.  In *American Int'l Group Europe S.A. (Italy) v. Franco Vago Int'l, Inc.*, 756 F. Supp. 2d 369 (S.D.N.Y. 2010), on the other hand, the court found that the defendant waived its venue objection when it failed to assert the forum-selection clause in its answer, "attempt[ed] to implead third-party defendants[,] and file[d] several affidavits, affirmations, and memoranda of law . . . all before [] assert[ing] the forum[-]selection clause in its brief in opposition to [the plaintiff's] motion for summary judgment."  756 F. Supp. 2d at 380; *see also id.* at 380-81 ("While courts in this district have held that a defendant that files a cross-claim and impleads a third-party does not necessarily waive its right to subsequently assert a forum[-]selection clause, those cases invariably involve defendants who referred to the clause in their answers, or who filed timely pre-answer motions to dismiss on the grounds of the forum selection clause."); *Mateco, Inc. v. M/V Elli*, 103 F. Supp. 2d 70, 72-73 (D.P.R. 2000) (finding waiver when the defendant did not raise the forum-selection clause as an affirmative defense, participated in discovery for over a year, filed a counterclaim, and requested that the plaintiffs provide counter security).

The facts here lie between these examples.  Advanced Energy did not move to dismiss the case for improper venue in state court but instead removed the matter to this Court.  *See* Docket Item 1.  In its answer, Advanced Energy asserted the forum-selection clause as an affirmative defense.  *See* Docket Item 35 at ¶ 73 ("Plaintiff has violated the terms of the applicable warranty by failing to bring this matter in a federal court in Denver, Colorado[,] or in state court in Fort Collins, Colorado.  As such, Defendant intends to preserve its argument that Plaintiff has filed its claims in an

improper venue."). But that was a defense of *improper* venue under Federal Rule of Civil Procedure 12(b)(3), *see id.*, a defense that clearly was waived when Advanced Energy moved to dismiss under Rule 12(b)(6), *see* Docket Item 11, without raising it in that motion, *see* Fed. R. Civ. P. 12(h)(1)(a). And in that motion, Advanced Energy did not ask for dismissal or transfer based on the forum-selection clause at all; instead, Advanced Energy argued only that Solar Liberty had failed to state a viable claim under the NYFCA. *See generally* Docket Item 11-1.

The motion to dismiss mentioned in passing that Advanced Energy believed the case should be litigated in Colorado. *See id.* at 17. But it did so only in the context of arguing that this case was a private contract dispute masquerading as a false claims case.[2] *Id.* ("Solar Liberty incorrectly brought this case under the NYFCA and purportedly on behalf of the Power Authority in an obvious effort to avoid the agreed-upon exclusive jurisdiction of Colorado courts pursuant to its contract with Advanced Energy."). Similarly, in its response to the motion to remand, Advanced Energy mentioned venue only in passing and only to support its argument that Solar Energy had mischaracterized its claims. *See* Docket Item 13 at 13.

This Court agrees with Advanced Energy that only removing the case—or only moving to dismiss for failure to state a claim—would not waive its ability to enforce the forum-selection clause. *See* Docket Item 56 at 7-8. But that is not what happened here. Advanced Energy raised the forum-selection clause in an affirmative defense of

---

[2] This Court rejected this argument in its October 9 decision and order denying the motion to dismiss and finding that Solar Liberty stated a claim under the NYFCA. Docket Item 28.

improper venue, but it also filed several documents—including a substantive motion to dismiss—that did not ask for dismissal on venue grounds or to transfer venue.

Whether all that constituted a waiver is a much closer question.  And precisely because that question is a close one, this Court cannot say that Judge McCarthy's finding waiver—after reviewing the relevant law—was clearly erroneous.  *See Krape*, 194 F.R.D. at 86 (explaining that "[t]here is no clear boundary" between pre-trial behavior that constitutes waiver and behavior that does not).  That is especially so because a court has "broad discretion" to decide a motion to transfer, *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 214 (S.D.N.Y. 2013), discretion that rested with Judge McCarthy here.

Absent legal error, a clearly erroneous factual determination, or an abuse of discretion, a district court should not interfere with the discretion of a magistrate judge to whom a matter has been referred.  *See, e.g.*, *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006) ("[M]agistrate judges have broad discretion to regulate nondispositive matters, and reversal is warranted only if that discretion is abused.").  Judge McCarthy committed no legal error and made no clearly erroneous factual finding; for that reason, he did not abuse his discretion in denying the motion to transfer venue.  And for that reason, this Court will not disturb his decision.

## **CONCLUSION**

The D&O, Docket Item 55, is AFFIRMED, and Advanced Energy's motion to transfer, Docket Item 48, is DENIED.  The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of February 5, 2021, Docket Item 47.

SO ORDERED.


Dated:      August 23, 2021
            Buffalo, New York


                                  */s/ Lawrence J. Vilardo*
                                  LAWRENCE J. VILARDO
                                  UNITED STATES DISTRICT JUDGE