UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THE POWER AUTHORITY OF THE STATE
OF NEW YORK, ex rel. SOLAR LIBERTY
ENERGY SYSTEMS, INC.,

                    Plaintiff,

v.

ADVANCED ENERGY INDUSTRIES, INC.,

                    Defendant.
_____

**REPORT AND RECOMMENDATION**

**Case No. 1:19-cv-1542-LJV-JJM**

        Before the court is defendant Advanced Energy Industries, Inc.'s motion for judgment on the pleadings pursuant to Fed. R. Civ. P. ("Rule") 12(c) [86],[1] which has been referred to me by District Judge Lawrence J. Vilardo for initial consideration [47]. Having reviewed the parties' submissions [86, 95, 96, 100, 101] and heard oral argument on January 23, 2023 [99], for the following reasons I recommend that the motion be granted in part and denied in part.

## DISCUSSION

        The Second Amended Complaint [30] asserts two causes of action arising from Advanced Energy's allegedly fraudulent conduct in the sale of sale of "string inverters" (also referred to as solar inverters) to Solar Liberty Energy Systems, Inc. The First Cause of Action is a *qui tam* claim in which Solar Energy, as relator, seeks recovery on behalf of the Power Authority of the State of New York ("NYPA") for violation of the New York False Claims Act

---

[1]     Bracketed references are to the CM/ECF docket entries. Unless otherwise noted, page references are to CM/ECF pagination (upper right corner of the page).

("NYFCA") (N.Y. State Finance Law § 187 *et seq*.), and the Second Cause of Action alleges that Advanced Energy fraudulently induced Solar Liberty to purchase the inverters.

In moving to dismiss the Second Cause of Action, Advanced Energy argues that as a *qui tam* relator, Solar Liberty cannot assert a fraudulent inducement claim on behalf of the NYPA, that Solar Liberty has not asserted that claim on its own behalf, that if Solar Liberty *has* purported to assert that claim on its own behalf, its claim is barred by N.Y. State Finance Law §190(4), and finally, that reputational damages are not recoverable in any event. *See* Advanced Energy's Memorandum of Law [86-1] and Reply Memorandum of Law [96].

A.    **Who Has Asserted the Fraudulent Inducement Claim?**

While admitting that it "cannot . . . bring a common law fraudulent inducement claim in the name of NYPA", Solar Liberty contends that it has "pled and maintains a common law cause of action *in its own name* for fraud in the inducement". Solar Liberty's Memorandum of Law [95] at 17 and n. 5 (emphasis added).

The Second Amended Complaint is not a model of clarity in that regard. As Advanced Energy points out, its caption "only lists a singular plaintiff: 'The Power Authority of the State of New York, *ex rel*. Solar Liberty Energy Systems, Inc. And [its] prayer for relief asks only for judgment to be entered in favor of 'Plaintiff Power Authority of the State of New York *ex rel*. Solar Liberty Energy Systems, Inc.'" Advanced Energy's Memorandum of Law [86-1] at 12. On the other hand, whereas the First Cause of action asserts the NYFCA naming "[p]laintiff NYPA, by and through *qui tam* Relator, Solar Liberty" ([30], ¶57), the Second Cause of Action asserts the fraudulent inducement claim on behalf of "[p]laintiff Solar Liberty". Id., ¶62.

"On a 12(c) motion, the court considers the complaint, the answer . . . and any matter of which the court can take judicial notice for the factual background of the case." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011). In resolving ambiguities as to the meaning of a pleading, courts may look to how the parties have interpreted its allegations.[2] Advanced Energy's Amended Answer to Second Amended Complaint [72] asserts counterclaims which clearly treat the fraudulent inducement claim as having been asserted by Solar Liberty individually. The counterclaims allege that Solar Liberty is the plaintiff (id., ¶80), that the plaintiff has asserted claims against Advanced Energy (id., ¶82), and that the plaintiff purchased string inverters from Advanced Energy. Id., ¶¶83, 84.

Solar Liberty points out that since "Advanced Energy had no contract with NYPA . . . [its] counterclaims are (and could only be) asserted against Solar Liberty individually". Solar Liberty's Memorandum of Law [95] at 12. I agree. "[I]n an action brought in a representative capacity, defendant cannot assert a counterclaim against plaintiff in plaintiff's individual capacity because it would not be a counterclaim against an 'opposing party'." Citroen v. Micron Optics, Inc., 2017 WL 663156, *3 (D. Nev. 2017). See also 6 Wright & Miller, Federal Practice and Procedure (Civil), §1404 (3d ed.); Rule 13(a), (b).

Advanced Energy dismisses consideration of its counterclaims as a "strawman", arguing that "[j]udicial estoppel cannot and does not apply to extra-judicial statements". Advanced Energy's Reply Memorandum of Law [96] at 12. However, the allegations of its

---

[2]   See, e.g., Minkle v. Fort Smith HMA, LLC, 2020 WL 870655, *1, n. 2 (W.D. Ark. 2020) ("[t]hough Plaintiff's complaint does not specifically identify the ADA or the ADEA as the source of any of his claims . . . both parties appear to have interpreted the complaint and litigated the matter as involving [those] claims"); Woolfolk v. Duncan, 872 F. Supp. 1381, 1386, n. 3 (E.D. Pa. 1995) ("[a]lthough the second amended complaint does not expressly assert claims against PH and HealthPASS based on *respondeat superior*, the parties have interpreted the second amended complaint as asserting such claims"); Nichol v. Pullman Standard, Inc., 1987 WL 7805, *1 (N.D. Ill. 1987) ("both parties have interpreted the complaint as if it included the missing, but implied, allegations. We do so too").

counterclaims are not extra-judicial statements. "A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 106 (2d Cir. 2011). Having asserted counterclaims against Solar Liberty in its individual capacity, Advanced Energy cannot now reverse course. "A litigant may not play fast and loose with the courts by freely taking inconsistent positions in a lawsuit and simply ignoring the effect of a prior filed document." Pennsylvania Manufacturers' Association Insurance Co. v. Carrier Coach, Inc., 2017 WL 3841644, *2 (W.D.N.Y. 2017).[3]

   Rule 8(e) requires pleadings to "be construed so as to do substantial justice". To that end, "discarding labels in an inartfully drafted complaint in favor of the complaint's reasonable meaning . . . comports with the Federal Rules' intent and serves the ends of justice". Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc., 280 F.3d 619, 633 (6th Cir. 2002). *See also* 2 Moore's Federal Practice, §10.02[2][b] (3d ed. 2022) ("[i]n the absence of prejudice, the court will overlook . . . errors or omissions in the naming of parties"). On balance, and notwithstanding the pleading irregularities in this case, it is clear to me that Solar Liberty has alleged the fraudulent inducement claim on its own behalf, rather than as a relator on behalf of the NYPA.

---

[3] Advanced Energy points out that Solar Liberty answered the counterclaims not on its own behalf, but on behalf of the NYPA. Advanced Energy's Reply Memorandum of Law [96] at 12. However, Advanced Energy's discovery demands (which can be judicially noticed under Fed. R. Evid. 201(b)(2)) were specifically directed to Solar Liberty's individual claims. *See* Solar Liberty's Memorandum of Law [95] at 8-9; Szymczak Declaration [95-1].

B.      **Is Solar Liberty's Fraudulent Inducement Claim Barred by N.Y. State Finance Law §190(4)?**

Advanced Energy further argues that "[e]ven if, at the time it filed the [Second Amended Complaint], Solar Liberty had sought to insert itself into the lawsuit as an additional plaintiff in its individual capacity - and not just as a *qui tam* relator on behalf of NYPA - such intervention would not have been permissible. Under the NYFCA, '[w]hen a person brings a qui tam action . . . no person other than the attorney general, or a local government attorney . . . may intervene or bring a related civil action based upon the facts underlying the pending action'". Advanced Energy's Memorandum of Law [86-1] at 14, *quoting* N.Y. State Finance Law §190(4).

Section 190(4) is "substantively identical to" 31 U.S.C. §3730(b)(5), "the prohibition against intervention under the federal FCA [False Claims Act]. Due to this close modeling, New York courts rely on federal FCA precedents when interpreting the NYFCA." Advanced Energy's Memorandum of Law [86-1] at 14. Advanced Energy argues that "[w]hile courts typically are asked to confront the bar to intervention in situations involving a second *qui tam* relator who desires to join a first *qui tam* relator in pursuing the Government's FCA or NYFCA claims, nothing in the language of either statute limits the prohibition only to different relators or only for purposes of additional FCA or NYFCA claims". Id. at 15.

I disagree. 31 U.S.C. §3730(b)(5), also known as the "first to file" rule, relates only to the assertion of additional *qui tam* claims. See Kellogg Brown & Root Services, Inc. v. U.S., ex rel. Carter, 575 U.S. 650, 654 (2015) ("the first-to-file bar precludes a *qui tam* suit based on the facts underlying a pending action"); United States ex rel. Hayes v. Allstate Insurance Co., 853 F.3d 80, 85, 86 (2d Cir. 2017) ("[t]hat rule prevents an individual from bringing an FCA *qui tam* action if another action invoking the same facts is already pending at the time the individual

files suit . . . . The first-to-file rule provides that no person other than the Government may bring an FCA claim that is related to a claim already pending . . . . [T]he FCA's first-to-file rule bears only on whether a *qui tam* plaintiff has properly stated a claim"). As I have concluded that Solar Liberty asserts the fraudulent inducement claim on its own behalf, rather than as a relator seeking relief under the NYFCA on behalf of the NYPA, that claim is not barred by N.Y. Finance Law §190(4).

Advanced Energy further argues that "Solar Liberty never moved to intervene", and that "there are numerous reasons why such permissive intervention should be denied". Advanced Energy's Letter Brief [101] at 7, 8. However, Solar Liberty notes that it "has not and is not seeking to 'intervene' in this case, as it has always been a named party to this action. And while the . . . NYPA is perhaps a real party in interest to this proceeding, it clearly is not presently a party to this lawsuit - after all, it would have had to 'intervene' in this action (as was its right under the . . . NYFCA in order to become one, which it did not do. Thus, unless there is no party plaintiff to this lawsuit, the only such plaintiff is Solar Liberty, and no issue of its 'intervention' is presented". Solar Energy's Letter Brief [100] at 1. I agree. *See* U.S. ex rel. Longhi v. Lithium Power Technologies, Inc., 481 F. Supp. 2d 815, 823, n. 6 (S.D. Tex. 2007) (the "relator is a party to the suit").

While Advanced Energy admits that a party may "serve as a relator and assert its own claims all at once", it argues that there is "a bar preventing a party from trying to do the same but seriatim". Advanced Energy's Reply Memorandum of Law [96] at 8. However, I conclude that the "bar" to which it refers (N.Y. State Finance Law §190(4)) does not apply in this case. Therefore, Solar Liberty's inclusion of the fraudulent inducement claim in its Second Amended Complaint is not prohibited.

C.     **Is The Claim for Reputational Damages Viable?**

The Second Amended Complaint alleges that Solar Liberty has suffered "significant harm to its goodwill, business reputation, community reputation, and the reputation of the goods and services that it provides to its customers and to the public generally". [30], ¶61, 65. Advanced Energy argues that "[t]hese reputational damages are not recoverable under either cause of action . . . as a matter of law". Advanced Energy's Memorandum of Law [86-1] at 13, 14, *citing* Kumiva Group, LLC v. Garda USA Inc., 146 A.D.3d 504, 506 (1st Dept. 2017) and Kortright Capital Partners LP v. Investcorp Investment Advisers Ltd., 392 F. Supp. 3d 382, 398 (S.D.N.Y. 2019).

In attempting to distinguish these authorities, Solar Liberty argues that "Kumiva was a summary judgment case that analyzed the evidence submitted", and that Kortright "likewise analyzes the proof - not the pleadings - and thus is inapposite on a 12(c) motion such as this; in all events, Kortright pronounces no bright-line rule (and certainly no such rule applicable at the pleading stage)". Solar Liberty's Memorandum of Law [95] at 26.

I disagree. The rule stated by Kumiva and Kortright does not depend on the procedural posture of the case. *See* Kumiva, 146 A.D.3d at 506 ("a plaintiff alleging fraudulent inducement is limited to 'out of pocket' damages, which consist solely of the actual pecuniary loss directly caused by the fraudulent inducement . . . . the difference between the value of the received consideration and the delivered consideration constitutes 'out of pocket' damages"); Kortright, 392 F. Supp. 3d at 398 (S.D.N.Y. 2019) ("damages for fraud-based claims are to give the plaintiff what he lost because he made the bargain, not what he could have gained had it been performed. This so-called 'out-of-pocket' rule limits damages for fraud-based claims to the actual pecuniary loss sustained as the direct result of the wrong . . . . Indeed, in applying the out-

of-pocket rule, courts have barred recovery for . . . injury to business reputation for fraud and negligent misrepresentation claims"). *See also* Nanjing CIC International Co. v. Schwartz, 2022 WL 170606, *7 (W.D.N.Y. 2022) ("New York law awards only 'out-of-pocket' expenses in fraud cases . . . . New York does not recognize lost profits, lost business opportunities, or reputational harm as out-of-pocket expenses").

      While Solar Liberty argues that both it "and NYPA are entitled to continued discovery on their respective claims for reputational damages" (Solar Liberty's Memorandum of Law [95] at 27), no purpose would be served by conducting discovery concerning a claim which has no legal basis.

## CONCLUSION

      For these reasons, I recommend that Advanced Energy's motion [86] be granted to the extent of dismissing the Second Amended Complaint's claim for reputational damage, but otherwise be denied. Unless otherwise ordered by District Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by February 15, 2023. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

      Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

      The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the

proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  February 1, 2023

                                                         /s/     Jeremiah J. McCarthy
                                                           JEREMIAH J. MCCARTHY
                                                           United States Magistrate Judge