UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THE POWER AUTHORITY OF THE
STATE OF NEW YORK, *ex rel.* SOLAR
LIBERTY ENERGY SYSTEMS, INC.,

        Plaintiff,                            19-CV-1542-LJV-JJM
                                                    DECISION & ORDER
      v.

ADVANCED ENERGY INDUSTRIES,
INC.,

        Defendant.
_____

        On October 23, 2018, the plaintiff, the Power Authority of the State of New York ("NYPA"), by and through a *qui tam* relator, Solar Liberty Energy Systems, Inc. ("Solar Liberty"), filed an amended complaint under the New York False Claims Act ("NYFCA") in New York State Supreme Court, Erie County.  Docket Item 1-5.  On November 15, 2019, the defendant, Advanced Energy Industries, Inc. ("Advanced Energy"), removed the action to this Court.  Docket Item 1.

        Approximately a year later, Solar Liberty filed a second amended complaint.  Docket Item 30.  In addition to its *qui tam* claim under the NYFCA, the second amended complaint also brought a cause of action for fraudulent inducement.  *See id.* at ¶¶ at 57-66.  This Court then referred the matter to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Items 36, 47.

        On December 2, 2022, Advanced Energy moved for judgment on the pleadings, arguing (1) that Solar Liberty's second cause of action for fraudulent inducement is

impermissible and (2) that reputational damages are not recoverable in this action. Docket Item 86.  Solar Liberty responded, Docket Item 95, and Advanced Energy replied, Docket Item 96.

Judge McCarthy then issued a Report and Recommendation ("R&R") recommending that Advanced Energy's motion be granted in part and denied in part. Docket Item 102.  More specifically, the R&R recommended that the motion "be granted to the extent of dismissing the [s]econd [a]mended [c]omplaint's claim for reputational damage, but otherwise be denied."  *Id.* at 8.

Advanced Energy objected to the R&R's conclusion that Solar Liberty's second cause of action should be allowed to proceed.  Docket Item 103.  Solar Liberty responded to that objection, Docket Item 104, and Advanced Energy replied, Docket Item 105.  This Court then held oral argument and ordered supplemental briefing.  *See* Docket Item 107.  Solar Liberty filed the requested supplemental brief, Docket Item 108; Advanced Energy responded, Docket Item 110; and Solar Liberty replied, Docket Item 111.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection, response, and reply; the supplemental briefing; and the materials submitted to Judge McCarthy.  Based on that *de novo* review, the Court accepts and

adopts Judge McCarthy's recommendation to grant in part and deny in part Advanced Energy's motion for judgment on the pleadings.

## DISCUSSION

The Court assumes the reader's familiarity with the facts alleged in the second amended complaint, see Docket Item 30, and Judge McCarthy's analysis in the R&R, see Docket Item 102.

### I.  FRAUDULENT INDUCEMENT CLAIM

As noted above, the second amended complaint brings two claims: the first is a *qui tam* claim in which Solar Energy, as relator, seeks recovery on behalf of the NYPA for violations of the NYFCA; the second is a fraudulent inducement claim.  See Docket Item 30 at ¶¶ 57-66.  Advanced Energy argues that the latter claim must be dismissed for two reasons.  First, Advanced Energy says that Solar Liberty cannot assert a fraudulent inducement claim on behalf of the NYPA because under "the *qui tam* provisions of" both New York State and federal law, "relators lack standing to bring common law claims on the [g]overnment's behalf."  See Docket Item 86-1 at 11-13. Second, Advanced Energy says that Solar Liberty cannot assert the claim on its own behalf because intervention by Solar Liberty in its individual capacity is necessary before Solar Liberty can assert that claim and because such intervention is barred by New York State Finance Law § 190(4).  Docket Item 86-1 at 13-18.

Judge McCarthy rejected the first argument because "[o]n balance, and notwithstanding the pleading irregularities in this case, it is clear . . . that Solar Liberty has alleged the fraudulent inducement claim on its own behalf, rather than as a relator

3

on behalf of the NYPA." Docket Item 102 at 4. And he rejected the second because "the 'bar' to which [New York State Finance Law § 190(4)] refers . . . does not apply in this case." Docket Item 102 at 6. For the reasons that follow, this Court agrees.

First, although the caption of the second amended complaint names as the "[p]laintiff" only "[t]he Power Authority of the State of New York, *ex rel.*, Solar Liberty Energy Systems, Inc.," it is clear from the body of the second amended complaint that Solar Liberty asserts the fraudulent inducement claim on its own behalf. *Compare* Docket Item 30 at ¶ 57 (first cause of action) ("*Plaintiff New York Power Authority, by and through qui tam Relator, Solar Liberty Energy Systems, Inc.*, repeats and re-alleges paragraphs 1 through 56 as though set forth more fully herein." (emphasis added)), *with id.* at ¶ 62 ("*Plaintiff Solar Liberty Energy Systems, Inc.*[,] repeats and re-alleges paragraphs 1 through 61 as though set forth more fully herein." (emphasis added)). As Judge McCarthy observed, "Rule 8(e) requires pleadings to 'be construed so as to do substantial justice.'" *See* Docket Item 102 at 4; *see also Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619, 632 n.8 (6th Cir. 2002) (explaining that "discarding labels in an inartfully drafted complaint in favor of the complaint's reasonable meaning . . . comports with the Federal Rules' intent and serves the ends of justice"). So despite the error in the caption, this Court deems Solar Liberty to be a plaintiff in its own right.

Second, this Court agrees with Judge McCarthy that the fraudulent inducement claim is not barred by New York State Finance Law § 190(4). That section provides that

> [w]hen a person brings a *qui tam* action under this section, no person other than the attorney general, or a local government attorney acting pursuant to subdivision one of this section or paragraph (b) of subdivision two of this

      section, may intervene or bring a related civil action based upon the facts underlying the pending action.

N.Y. State Fin. Law § 190(4).  Advanced Energy argues that Solar Liberty is attempting to intervene in this case in contravention of section 190(4).  But—as Judge McCarthy concluded—Solar Liberty already was a party to the suit by virtue of being the relator before the second amended complaint was filed.  *See* Docket Item 102 at 6 (citing *United States ex rel. Longhi v. Lithium Power Techs., Inc.*, 481 F. Supp. 2d 815, 822 n.6 (S.D. Tex. 2007) (the "relator is a party to the suit")); *see also Vt. Agency of Nat. Res. v. United States ex rel. Stevens,* 529 U.S. 765, 772-73 (2000) (explaining that the False Claims Act ("FCA") "gives the relator himself an interest in the lawsuit, and not merely the right to retain a fee out of the recovery" (emphasis omitted)).  Simply put, the second claim in the second amended complaint does not require the relator's intervention.  *See United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1247 (10th Cir. 2017) ("In the FCA context, the Supreme Court has defined 'intervention' as 'the requisite method for a *nonparty* to become a party to a lawsuit.'" (emphasis added) (quoting *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009))).[1]

---

[1] The parties agree that there do not appear to be any cases directly on all fours with the facts of this case.  *See* Docket Item 111 at 1 ("Solar Liberty does not dispute that to date, neither it nor Advanced Energy has cited a case involving the precise factual and procedural circumstances involved in this case.").  Nor could this Court find such a case.  The bottom line, though, as Solar Liberty explains in its supplemental reply, is that "Advanced Energy's entire argument relies on its unsupported premise that Solar Liberty in its *qui tam* relator capacity should be treated as a separate and different party than Solar Liberty in its individual capacity."  *Id.*  And this Court sees no reason to adopt such a counterintuitive proposition.

The fact that Solar Liberty—by virtue of being the relator—already was a party to this lawsuit distinguishes this case from those on which Advanced Energy relies. For example, in *Webster v. United States*, 217 F.3d 843 (Table), 2000 WL 962249, at *1 (4th Cir. 2000), the relator, Diane Webster, brought a *qui tam* FCA suit, which she later voluntarily dismissed under Federal Rule of Civil Procedure 41(a)(2). After the government then filed its own suit, Webster sought to intervene. *Webster*, 2000 WL 962249, at *2. Under those circumstances, the Fourth Circuit held that she could not "assert the rights of an original *qui tam* plaintiff . . . because *she abandoned those rights* when she voluntarily dismissed her suit." *Id.* (emphasis added). The court rejected Webster's argument that "the government ha[d] simply 'revived' her complaint by suing on the same facts"; rather, the court explained, "voluntary dismissal 'wipes the slate clean, making any future lawsuit based on the same claim an entirely new law[]suit unrelated to the earlier (dismissed) action.'" *Id.* (quoting *Sandstrom v. ChemLawn Corp.,* 904 F.2d 83, 86 (1st Cir. 1990)). Thus, the court concluded, "Webster's assertion that her voluntarily dismissed complaint confers on her a continuing right to participate *in the government's subsequently filed* FCA suit is simply wrong." *Id.* (emphasis added).

That is wholly different than a relator asserting a claim on its own behalf in the same case. Because Solar Liberty already was a party as the relator in this lawsuit, the section 190(4) bar does not apply and the second cause of action may proceed.[2]

---

[2] Indeed, Advanced Energy conceded at oral argument that if the case initially had been filed in both Solar Liberty's individual capacity and its capacity as relator, that would have been proper.

## II. REPUTATIONAL DAMAGES

As noted above, Judge McCarthy recommended that Advanced Energy's motion for judgment on the pleadings be granted with respect to Solar Energy's claim for reputational damages. Docket Item 102 at 8. Advanced Energy did not object to this conclusion, *see* Docket Item 103 at 5 (stating that "the R&R correctly recommends dismissing the [s]econd [a]mended [c]omplaint's . . . claim for reputational damages"), and this Court therefore need not review that finding, *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). In any event, however, this Court agrees with Judge McCarthy's analysis on this issue.

Accordingly, this Court adopts Judge McCarthy's recommendation to grant Advanced Energy's motion with respect to Solar Liberty's claim for reputational damages for the reasons stated in the R&R.

## CONCLUSION

For the reasons stated above and in the R&R, Advanced Energy's motion for judgment on the pleadings is GRANTED IN PART and DENIED IN PART. More specifically, the motion is granted with respect to Solar Liberty's claim for reputational damages but is otherwise denied. The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of February 5, 2021, Docket Item 47.

SO ORDERED.

Dated: March 6, 2024
Buffalo, New York

  /s/ Lawrence J. Vilardo
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE
