UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THE POWER AUTHORITY OF THE
STATE OF NEW YORK ex rel. SOLAR
LIBERTY ENERGY SYSTEMS, INC.,

        Plaintiff,                            19-CV-1542-LJV-JJM
                                                      DECISION & ORDER
       v.

ADVANCED ENERGY INDUSTRIES,
INC.,

        Defendant.
_____

The plaintiff, the Power Authority of the State of New York, by and through a qui tam relator, Solar Liberty Energy Systems, Inc. ("Solar Liberty"), brought this lawsuit under the New York False Claims Act in New York State Supreme Court, Erie County. *See* Docket Item 1-5. Approximately a year later, the defendant, Advanced Energy Industries, Inc. ("Advanced Energy"), removed the matter to this Court. Docket Item 1. On February 5, 2021, this Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 47.

During the course of discovery, Advanced Energy moved for sanctions, arguing that Solar Liberty had improperly compensated a witness in connection with his testimony. Docket Item 160. After Solar Liberty responded, Docket Item 169, and Advanced Energy replied, Docket Item 175, Judge McCarthy issued a Report and Recommendation ("R&R") finding that Advanced Energy's motion should be denied, Docket Item 178.

Advanced Energy then objected to the R&R.  Docket Item 183.  Solar Liberty has responded, Docket Item 185, and Advanced Energy has replied, Docket Item 186.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge on a dispositive motion.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review de novo those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  When a magistrate judge's order is non-dispositive, however, "a district court may only 'modify or set aside any part of the order that is clearly erroneous or is contrary to law.'"  *United States v. Aventura Techs., Inc.*, 607 F. Supp. 3d 278, 282 (E.D.N.Y. 2022) (quoting 28 U.S.C. § 636(b)(1)(A)).  "This standard is highly deferential and only permits reversal where the magistrate [judge] abused his discretion."  *Id.* (quoting *Mental Disability L. Clinic v. Hogan*, 739 F. Supp. 2d 201, 203 (E.D.N.Y. 2010)).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; and the objection, response, and reply.  Based on that review, the Court accepts and adopts Judge McCarthy's recommendation to deny Advanced Energy's motion for sanctions.

## **DISCUSSION**

The Court assumes the reader's familiarity with the factual background, *see* Docket Item 178 at 2-7, and Judge McCarthy's analysis in the R&R, *see id.* at 7-9.[1]

---

[1] Page numbers in docket citations refer to ECF pagination.

2

**I.     STANDARD OF REVIEW**

As a threshold matter, the parties disagree about the proper standard of review. Advanced Energy says that review should be de novo because the relief sought in its motion was dispositive. *See* Docket Item 186 at 6. Solar Liberty counters that because Judge McCarthy did not order dispositive relief, review is only for clear error. *See* Docket Item 185 at 5; *see also Khatabi v. Bonura*, 2017 WL 10621191, at *3 (S.D.N.Y. Apr. 21, 2017) ("[I]n determining between dispositive and non-dispositive discovery sanctions, the critical factor is what sanction the magistrate judge *actually imposes*, rather than the one requested by the party seeking sanctions."). This Court need not decide which standard of review applies, however, because—for the reasons that follow—it agrees with Judge McCarthy's assessment and conclusion under either standard of review.

**II.    ANALYSIS**

Sanctions under the Court's inherent power "are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color *and* (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009) (emphasis added). "Conduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the attorney whose conduct is at issue." *Id.* "A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." *Id.*

Advanced Energy first argues that Judge McCarthy erred by failing to address the first prong of this analysis—whether the action was "entirely without color." *See*

3

Docket Item 183 at 12-16.  But as Solar Liberty observes, any such error is inconsequential because Advanced Energy must satisfy both prongs of the test.  *See* Docket Item 185 at 6-11; *see also Wolters Kluwer Fin. Servs.*, 564 F.3d at 114.  And this Court agrees with Judge McCarthy that Advanced Energy cannot satisfy the second prong.

More specifically, this Court—like Judge McCarthy—is "not clearly and convincingly persuaded that Solar Liberty's dealings with [witness Norman] Smith were motivated by an improper purpose, or that it acted with subjective bad faith."  *See* Docket Item 178 at 8.  In particular, as both Judge McCarthy and Solar Liberty observe, Smith was sympathetic to Solar Liberty before any alleged payment.  *See id.* at 8-9; Docket Item 185 at 15.  Thus, this is not a case where the payment appears to have "bought" false testimony or testimony that otherwise would not have been given.  Nor is an evidentiary hearing required.  *See In re Dynex Cap., Inc., Sec. Litig.*, 2011 WL 2581755, at *3 (S.D.N.Y. Apr. 29, 2011) (stating that "it is within the [c]ourt's discretion to hold an evidentiary hearing on a sanctions motion, although no such hearing is required"), *report and recommendation adopted*, 2011 WL 2471267 (S.D.N.Y. June 21, 2011).

Simply put, the evidence is not clear enough to support a finding of bad faith and sanctions.  Therefore, even if Advanced Energy is correct that the alleged inducements, including Solar Liberty's paying $300 to retain an attorney for Smith, were "without color" of law, sanctions still are not warranted.

Of course, there is nothing stopping Advanced Energy from presenting its theory to the jury to undermine Smith's credibility.  Indeed, Smith's potential motive to testify

4

favorably to Solar Liberty is classic fodder for cross-examination.  But based on the record before this Court, sanctions are not warranted.

## **CONCLUSION**

For the reasons stated above and in the R&R, Advanced Energy's motion for sanctions, Docket Item 160, is DENIED.  The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of February 5, 2021, Docket Item 47.

SO ORDERED.

Dated:  February 21, 2025
        Buffalo, New York

           */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE